FILED
CLERK OF COURT

2025 JUL 18 PM 3: 41

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**JUSTIN DANIEL ALISON,**
aka Justin Daniel Allison,
DOB: 08/06/1985

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CM0008-21**
GPD REPORT NO. 21-00637


DECISION AND ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION AND
IMPOSE JAIL SENTENCE

## **INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon on April 28, 2025, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Justin Daniel Alison's ("Defendant" or "Defendant Alison") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by Assistant Alternate Public Defender Peter J. Santos and Assistant Attorney General Valerie A. Nuesa represents the People. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

**A.   Defendant's Change of Plea and his violations thereafter.**

On April 8, 2021, Defendant Alison entered a guilty plea to the following offenses: the First Charge of FAMILY VIOLENCE (As a Misdemeanor) and the Fourth Charge of VIOLATION OF A COURT ORDER (As a Misdemeanor). *See Judg. of Conv.* (Apr. 23, 2021). Following the Court accepting the Defendant's guilt plea, the Court sentenced the Defendant to one (1) year of incarceration at the Department of Corrections *for each count*, all but one (1) month suspended, with credit for time served. *Id.* Defendant's sentence for each count would run concurrent with each other. *Id.* The Court placed the Defendant on supervised probation for two (2) years and imposed standard release conditions. Notable conditions of probation include: stay away from victims; reporting monthly to the Probation Services Division ("Probation"); fines of two hundred dollars ($200.00) and court costs of eighty dollars ($80.00); and reporting to the Client Services and Family Counseling Division ("CSFC") for intake and assessment and participation in recommended treatment and counseling. *Id.*

On March 2, 2022, Probation lodged a First Violation Report against the Defendant for the following violations: failure to complete an intake and assessment with CSFC scheduled for April 13, 2021; and failed to make payments toward his fine and court costs. *See First Vio. Rpt.* (March 2, 2022). The Court held a Violation Hearing on July 6, 2022, on Defendant's First Violation. At the hearing, the Court admonished the Defendant to complete his conditions, as completion of his conditions would lead to an early case closure. *Min. Entry* (July 6, 2022). The Defendant indicated that he is the primary caregiver for his father as a reason for his noncompliance with conditions. *Id.*

On February 14, 2023, Probation lodged a Second Violation Report against the Defendant for the following violations: failure to report to Probation monthly, last reporting on July 5, 2022;

failure to complete an intake and assessment with CSFC scheduled for July 18, 2022; and failure to make payments toward his fines and court costs. *See Second Vio. Rpt.* (Feb. 14, 2023). The Court issued a Warrant of Arrest on March 17, 2023, and the warrant was returned on July 10, 2023. On July 11, 2023, the Court held a Return of Warrant Hearing during which Defendant admitted to his failure to complete conditions but excused his non-performance by explaining that he had outstanding child support obligations and that he contacted his Probation Officer in February [2023], but none of these excuses were valid reasons for failure to complete conditions. Despite the protracted length of time that Defendant failed to report to probation and complete his conditions, however, the Court, once again, admonished the Defendant to complete his outstanding conditions and *extended* Defendant's probation by one (1) year. *Min. Entry* (Jul. 11, 2023).

On May 15, 2024, Probation lodged a Third Violation Report against the Defendant, reporting the following violations: failure to report monthly to Probation, last reporting on July 12, 2023; failure to complete an intake and assessment with CSFC scheduled for July 18, 2022; and failure to make payments toward his fines and court costs. *See Third Vio. Rpt.* (May 15, 2024). The Court issued a Warrant of Arrest on May 21, 2024, and it was returned on June 4, 2024. On June 6, 2024, Probation filed an Informational Report informing the Court that Defendant was charged in CF0371-24 with Family Violence (3rd Degree Felony), Family Violence (as a Misdemeanor), Violation of a Court Order (As a Misdemeanor) and Unlawful Restraint (As a Misdemeanor). *Informational Report Re. New Arrest* (June. 6, 2025).

On June 11, 2024, the Court held a Return of Warrant Hearing for the Defendant. At the hearing, Defendant Alison admitted that he continued to fail to complete his probation conditions; however, after Defendant requested assistance to treat self-reported mental health

issues, the Court issued an order for Guam Behavioral Health and Wellness Center ("GBHWC") to do an assessment for the Defendant at the Annex in the Department of Corrections, Mangilao. *Min. Entry* (Jun. 11, 2024). He was committed in the new case on $3,000.00 cash bail by Magistrate Jonathan R. Quan. *Id.*

On July 15, 2024, the Court held a Further Proceedings, wherein the Defendant updated the Court with his current status following his assessment with GBWHC. *Min. Entry* (Jul. 15, 2024). The Court extended Defendant's probation for another six (6) months until December 24, 2024, but was held pending release in CF0371-24 in order to receive credit in the instant case. *Id.* The Defendant was released from confinement on August 1, 2024. *See Release from Confin.* (Aug. 1, 2024).

On October 15, 2024, Probation lodged a Fourth Violation Report against the Defendant for the following violations: failure to report to Probation monthly, last reporting on August 2, 2024; failure to report to CSFC for an intake and assessment scheduled for September 27, 2024; and failure to make payments toward his fines and court costs. *See Fourth Vio. Rpt.* (Oct. 15, 2024). The Court issued a Summons compelling Defendant to appear for a violation hearing to answer to the Fourth Violation; however, all attempts at service by the Marshals was unsuccessful; therefore, the Court issued a Bench Warrant when Defendant failed to appear before the Court on November 5, 2024. *See Min. Entry* (Nov. 5, 2024); *Affid. of Non-Service* (Nov. 5, 2024); *Bench Warrant* (Dec. 5, 2024).[1] The warrant was returned January 8, 2025.

On January 10, 2025, the Court held a Return of Warrant Hearing for the Defendant. At the hearing, the Court noted Defendant's outstanding conditions and lack of compliance with his

---

[1] Although the Court issued the Bench Warrant on November 5, 2024, it was not processed by the clerk's division until December 5, 2024. At no time during that one month delay did Defendant attempt to self-surrender or check in to Probation.

monthly reporting requirements, last reporting on August 2, 2024. *See Min. Entry* (Jan. 10, 2025). The Court noted that it is prohibited by statute from extending Defendant Alison's probation any further under 8 GCA § 80.66. *Id.*[2] The People indicated its intention to file a Motion to Revoke Probation, and the Court continued to hold the Defendant in this matter pending the Revocation Hearing. *Id.* The People filed its Motion on January 23, 2025. The Defendant did not file an Opposition.

On April 28, 2025, the Court held a Revocation Hearing for Defendant Alison. The People seek revocation of Defendant's probation due to his numerous violations and noncompliance with court orders, specifically: failing to report to the Probation Office, to complete CSFC intake and assessment and making payments towards his fine and court costs. *People's Mot. to Revoke Def's Probation and Impose Jail Sentence* at p. 3; *Min. Entry* (Apr. 28, 2025). Defendant Alison responded that his noncompliance is due to his role as primary caregiver for his father, but did not provide any evidence to support this claim (e.g., doctor's certification, letters of guardianship, etc.). *Id.* Moreover, the Defendant agreed that the Court was required to issue two (2) bench warrants in order to bring him back into compliance. *Id.* The Court admonished the Defendant for his outstanding conditions and noncompliance, and thereafter placed the matter under advisement.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

---

[2] 8 GCA § 80.66(c) provides as follows: "Notwithstanding any other provisions of the law, the Court may, upon good cause shown, extend probation beyond the terms set forth in § 80.64(a) up to a maximum additional term of one (1) year for petty misdemeanors and misdemeanors, and a maximum additional term of two (2) years for felonies."

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id*. At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id*. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**A. The Court determines that a violation of probation has occurred.**

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant Alison's probation has occurred. Defendant has admitted to all of the violations.

**1. First Violation on March 2, 2024** – Defendant failed to complete CSFC intake and assessment, scheduled for April 13, 2021. Defendant failed to make payments towards two-hundred-dollar ($200.00) court fine and eighty-dollar ($80.00) court costs.

**2. Second Violation on February 14, 2023** – Defendant failed to report monthly to Probation and last reported on July 5, 2022. Defendant failed to complete CSFC intake and assessment, scheduled for July 18, 2022. Defendant failed to make payments towards two-hundred-dollar ($200.00) court fine and eighty-dollar ($80.00) court costs.

**3. Third Violation on May 15, 2024** - Defendant failed to report monthly to Probation and last reported on July 12, 2023. Defendant failed to complete CSFC intake and assessment. Defendant failed to make payments towards two-hundred-dollar ($200.00) court fine and eighty-dollar ($80.00) court costs.

**4. Fourth Violation on October 15, 2024** - Defendant failed to report monthly to Probation and last reported on August 2, 2024. Defendant failed to complete CSFC intake and assessment, scheduled for September 27, 2024. Defendant failed to make payments towards two-hundred-dollar ($200.00) court fine and eighty-dollar ($80.00) court costs.

Defendant Alison has admitted to all violations. For these reasons, the Court determines that the first *Camacho* prong is satisfied.

**B. The Court determines that revocation of probation is warranted.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). Upon review of the record, the Court finds a history of Defendant's non-compliance with the conditions set by this Court and pursuant to the Plea Agreement he has agreed to follow. Since entering probation, the Defendant has consistently failed to report to Probation and failed to appear at court proceedings, causing this

Court to issue warrants for his arrest to return him to compliance. The Defendant has not made any progress on paying his fines and court costs. Of notable concern to this Court is Defendant's repeated failure to avail himself of counseling and treatment for his benefit, especially scheduled appointments with CSFC for intake and assessment. At the request of Defendant for services from GBHWC, the Court ordered an assessment with GBHWC on June 14, 2024, while the Defendant was held at the Department of Corrections. Upon the Defendant's release from confinement on August 1, 2024, the Defendant incurred his fourth violation and did not appear for his scheduled appointment with CSFC. This omission shows Defendant's unwillingness to comply with court orders and avail himself of counseling and treatment.

For the above reasons, the Court determines that the second *Camacho* prong is satisfied, and revocation is warranted in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. The Court shall issue a Judgment of Revocation concurrent with this Decision and Order.

SO ORDERED this 18th day of July, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam